UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KAREN BRANCH, Individually and as Administratrix of the ESTATE of RAYMOND DAVID STEPHENS,

Plaintiff,

v.  4:14-cv-147

TIMOTHY M. O'BRIEN and LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A. f/k/a LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, P.A.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint. ECF No. 28. In Count V of her Amended Complaint, Karen Branch ("Plaintiff") seeks punitive damages from Timothy M. O'Brien and Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. (collectively "Defendants") for their alleged malpractice and breach of fiduciary duty. *See* ECF No. 26 at 4-5. Plaintiff has withdrawn her response in opposition to Defendants' motion to dismiss, ECF Nos. 31; 29. Thus, Defendants' motion is unopposed and is ripe for adjudication. *See* ECF No. 32 (Notice of Unopposed Motion).

### II. BACKGROUND

On June 12, 2014, Plaintiff filed a complaint for legal malpractice, breach of contract, breach of fiduciary duty, and bad faith against Defendants in state court. ECF No. 1-2. On July 9, 2014, Defendants removed the case to federal court on the basis of diversity of citizenship, 28 U.S.C. § 1332. ECF No. 1. Plaintiff then moved the Court to allow leave to file an amended complaint to add a claim for punitive damages to her original complaint. ECF No. 19. On September 30, 2014, the Magistrate Judge granted Plaintiff's motion for leave to amend her complaint, ECF No. 24, and on October 9, 2014, Plaintiff filed her Amended Complaint, adding a claim for punitive damages. ECF No. 26 at 5.

In response, Defendants moved to dismiss the punitive damages count, Count V, of Plaintiff's Amended Complaint, ECF No. 28. Defendants' motion now lies unopposed and the Court must determine whether dismissal of Count V of Plaintiff's Amended Complaint is proper.

For the reasons set forth below, Defendants' unopposed Motion to Dismiss is *DENIED*.

### III. STANDARD OF REVIEW

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court, however, is not limited to the four corners of the pleadings, rather a proper review of a motion to dismiss "requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678 (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet, "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original).

In *Iqbal*, the Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. at 678 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, *Iqbal* suggests a "two-pronged approach" to assessing a defendant's Rule 12(b)(6) motion: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)). Importantly, however, the "plausibility standard is not akin to a 'probability requirement' at the pleading stage." *Id.* at 1289. Instead, it "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a plaintiff's claim for relief. *See McCray v. Potter*, 263 F. App'x 771, 773 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

Defendants' Motion to Dismiss seeks dismissal of Count V of Plaintiff's Amended Complaint on two grounds: (1) Defendants argue that Count V "fail[s] to state a claim sufficient to support punitive damages"; and (2) Defendants contend that Count V actually is a fraud claim and Plaintiff has failed to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standards. ECF No. 28 at 2, 4. The Court will address each of these arguments in turn.

### A. Punitive Damages and Rule 12(b)(6)

"It is clear . . . that a request for punitive damages is not a 'claim' within the meaning of [Federal Rule of Civil Procedure] 8(a)(2); it is only part of the relief prayed for in a claim." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated in part on other grounds by* 204 F.3d 1069

2

(11th Cir. 2000); *see also Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 276 (6th Cir. 2001) ("Count VI is not a claim for relief but a request for punitive damages."). "[A] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." *Janis v. Nelson*, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009). To be sure, the requested relief is irrelevant to a court's determination as to whether or not a plaintiff has stated a claim for relief for purposes of Rule 8(a)(2). Whether a claim for relief should be dismissed under Rule 12(b)(6) "turns not on 'whether [a plaintiff] has asked for the proper remedy but whether he is entitled to *any* remedy.'" *See City of Los Angeles v. Lyons*, 461 U.S. 95, 130 (1983) (quoting Wright & Miller, Federal Practice and Procedure § 1664). It follows then that Rule 12(b)(6), a vehicle for testing whether a plaintiff is entitled to relief, *see Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009), is an improper vehicle for challenging the sufficiency of a prayer for relief, which is merely part of the relief sought. Accordingly, "punitive damages is not a 'cause of action' subject to dismissal under Rule 12(b)(6)." *Rathbone v. Haywood Cnty.*, 2008 WL 2789770, at *1 (W.D.N.C. July 17, 2008) (treating motion to dismiss a prayer for punitive damages as a motion to strike and ultimately striking the prayer as unrecoverable as a matter of law).

The Court previously parted ways with a contingent of other courts that have entertained motions to dismiss prayers for relief under Rule 12(b)(6). *See Schmidt v. C.R. Bard, Inc.*, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014). The Court feels that the reasoning set forth above warranted that departure and will not reverse course now.

### B. Count V as a Fraud Claim

Alternatively, Defendants assert that Count V is "in actuality a fraud claim thinly veiled as a prayer for relief" and go on to argue that the Court should subject the count to Rule 9(b)'s heightened scrutiny. ECF No. 28 at 4-5. But "[t]he plaintiff is the master of the complaint" and "[t]he plaintiff selects the claims that will be alleged in the complaint." *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997). Neither Plaintiff's Amended Complaint, nor her Original Complaint, advances a fraud claim. *See* ECF Nos. 1-2 at 9-13; 26 at 4-5. The Court, therefore, declines Defendants' invitation to construe Plaintiff's prayer for punitive damages as a fraud cause of action.

### V. CONCLUSION

Because Count V of Plaintiff's First Amended Complaint is a prayer for relief rather than a cause of action, it is not subject to dismissal under Rule 12(b)(6). Accordingly, the Court **DENIES** Defendants' unopposed Motion to Dismiss, ECF No. 28.

This 29 day of December 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3